UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNIS J. L., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:18-CV-05392-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred at Step Two of the sequential evaluation process when she failed to consider significant,

probative evidence of Plaintiff's volvulus.[1] Had the ALJ properly considered this evidence at Step Two, she may have found Plaintiff's volvulus was a severe impairment, would not have stopped the sequential evaluation process at this step, and may have ultimately found Plaintiff disabled. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On June 14, 2015, Plaintiff filed an application for DIB, alleging disability as of September 2, 2011. *See* Dkt. 7, Administrative Record ("AR") 22. The application was denied upon initial administrative review and on reconsideration. *See* AR 22. ALJ Marilyn Mauer held a hearing on December 7, 2016. AR 34-53. In a decision dated March 22, 2017, the ALJ determined Plaintiff to be not disabled. AR 19-33. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981.

In Plaintiff's Opening Brief, Plaintiff argues the ALJ erred by failing to: (1) find Plaintiff's volvulus was a severe impairment at Step Two of the sequential evaluation process; (2) properly assess medical opinion evidence from three physicians; Plaintiff's subjective symptom testimony; and lay witness testimony; and (3) fully and fairly develop the record by obtaining medical expert testimony. Dkt. 9, pp. 2-17.

---

[1] Volvulus is "[a] twisting of the intestine or other structure such as in gastric volvulus causing obstruction; if left untreated may result in vascular compromise of the involved intestine or organ." STEDMAN'S MEDICAL DICTIONARY 993990 (2014)

1       Because the ALJ found Plaintiff had sufficient coverage to remain insured through

2 December 31, 2012, the relevant inquiry is whether Plaintiff became disabled between the

3 alleged onset date – September 2, 2011 – and the date last insured – December 31, 2012.[2]

### STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

### DISCUSSION

**I. Whether the ALJ erred at Step Two of the sequential evaluation process.**

Plaintiff maintains that, given the relevant evidence, the ALJ harmfully erred at Step Two by failing to consider evidence indicating the severity of his volvulus during the relevant period. Dkt. 9, pp. 13-17.

Step Two of the Social Security Administration's ("SSA's") evaluation process requires the ALJ to determine whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(ii) (2012). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. § 404.1521(a) (effective through March 26, 2017).[3] "Basic work activities are 'abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling,

---

[2] Plaintiff does not dispute this finding from the ALJ, though he accurately notes the ALJ sometimes incorrectly wrote Plaintiff's date last insured was December 31, 2013. *See* Dkt. 9, p. 2 n. 1.

[3] The Court "applies the law in effect at the time of the ALJ's decision." *Rose v. Berryhill*, 256 F.Supp.3d 1079, 1083 n.3 (C.D. Cal. 2017) (citations omitted).

reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1290 (quoting 20 C.F.R. § 140.1521(b)). An impairment or combination of impairments "can be found 'not severe' only if the evidence establishes a slight abnormality having 'no more than a minimal effect on an individual[']s ability to work.'" *Id.* (quoting *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (adopting Social Security Ruling ("SSR") 85-28)).

In addition, the ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent*, 739 F.2d at 1395). With respect to medical opinion evidence in particular, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). Moreover, all of an ALJ's reasons for rejecting an opinion must be supported by substantial evidence in the record as a whole. *Bayliss*, 427 F.3d at 1214 n.1 (citation omitted).

At Step Two, the ALJ found Plaintiff had the following medically determinable impairments during the relevant period: "intermittent abdominal pain and constipation; history of glioma, resolved." AR 24 (citation omitted). AR 24 (citation omitted). But the ALJ found Plaintiff did not have any severe impairment because Plaintiff did not have any impairment "that significantly limited the ability to perform basic work-related activities for 12 consecutive

months." *See* AR 24. Plaintiff does not dispute the ALJ's finding about glioma, and therefore, the Court does not consider whether the ALJ properly made this Step Two finding. *See* Dkt. 9. Instead, Plaintiff asserts the ALJ erred in her consideration of his volvulus at Step Two. *See id.* at 13-17.

The medical evidence shows Plaintiff, on September 2, 2011, reported to the emergency department for severe abdominal pain and cramping that radiated to his lower back. AR 221. Plaintiff had not had a bowel movement for 8-10 days, and testing revealed Plaintiff's "acute abdominal series show[ed] significant stool." AR 216, 221. Otherwise, Plaintiff's tests revealed normal results. *See* AR 226.

On December 1, 2011, Plaintiff visited his primary care physician, Dr. Thomas R. Cooke, D.O. AR 270. Dr. Cooke's examination of Plaintiff revealed no abnormal results and do not mention abdominal issues or Plaintiff's recent emergency department visit. *See* AR 270. The record indicates Plaintiff, who the ALJ noted lacked medical insurance, was next examined by Dr. Cooke on March 5, 2013. *See* AR 25, 26-27, 269; *see also* AR 43-44 (Plaintiff testifying he did not seek medical care more than annually during the relevant period because he lacked medical insurance). Dr. Cooke's March 2013 examination similarly revealed no abnormal results and the treatment notes do not mention abdominal issues. *See* AR 269.

On December 24, 2014, Plaintiff again reported to the emergency department for severe abdominal pain and distension. AR 227-29. He was diagnosed with "[s]igmoid colon volvulus with dead sigmoid colon." AR 227. Plaintiff's condition required surgical intervention to remove four feet of colon due to volvulus with dead bowel. AR 228; *see also* AR 267.

Plaintiff visited Dr. Cooke on January 20, 2015 for a follow-up from his surgery. AR 266-67. Regarding Plaintiff's volvulus, Dr. Cooke wrote:

> *Problem started back in 2011.* He had emergency room visit at that time because of severe abdominal pain. X-ray showed possibility of volvulus at that time, however, emergency room doctor did not think he had it and just said constipation. *Eventually it did subside and he continued to have episodes over the next two years*, again, in 2013 went to Urgent Care and same thing. They told him it was just constipation and to take laxatives. He continued to do that over that three year time period with multiple episodes of pain and cramping but because after a few days it would let up, he did not go back to the emergency room or Urgent Care again because he had no insurance. . . . *So obviously he had a volvulus that was intermittently catching and causing severe pain and then constipation and would then slowly resolve. That would have made it impossible to work on a regular basis since he was not employed at that time. He was not able to take a job and work consistently.*

AR 267 (emphasis added).

Similarly, in a treatment note from April 9, 2015, Dr. Cooke wrote Plaintiff "has had problem [sic] associated with bowel obstruction with perforation of the bowel," which required "extensive surgery" and a colostomy bag. AR 273. Dr. Cooke wrote that Plaintiff had previously "been to [the] emergency room with severe abdominal pain" but the condition – which began in 2011 – was not discovered "until the present time . . . [when] he almost died." AR 273. Likewise, Dr. Cooke opined in a treatment note dated December 13, 2016 that Plaintiff's "intermittent volvulus (twisting of the colon)" started in 2011. AR 505.

The ALJ summarized the medical evidence at Step Two. *See* AR 26-28. She determined the evidence "establishes the presence of abdominal issues prior to the date last insured," but the "treatment records do not establish that this impairment caused more than minimal impairment prior to the date last insured." AR 26. With respect to Dr. Cooke's opinions in particular, the ALJ wrote:

> Dr. Cooke's statements are consistent with the worsening of the claimant's impairment following the period at issue. I give weight to Dr. Cooke's assessment that the claimant's abdominal issues began prior to the date last insured. However, his statement does not indicate the claimant would have been disabled prior to this time, or indicate that the claimant would have had any significant limitations prior to this time. As such, I give his statements limited weight.

AR 28.

The ALJ gave Dr. Cooke's opinions "limited weight" because she found they did not show Plaintiff "would have been disabled" or have "any significant limitations" during the relevant period. *See* AR 28. Nonetheless, the ALJ's assertion is unsupported by the record for two reasons. First, Dr. Cooke's opinions consistently explain Plaintiff began having episodes of severe abdominal pain and cramping due to volvulus in 2011, and these episodes "intermittently" occurred "over the next two years." *See* AR 267; *see also* AR 273 (Plaintiff's "bowel disease" started in 2011 and he "had intermittent problems with it" since then); AR 505 (Plaintiff's "intermittent volvulus" began in 2011). Hence, contrary to the ALJ's finding, Dr. Cooke's opinions expressly cover and reflect upon the relevant period from September 2, 2011 to December 31, 2012. *See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011) (holding that, although the physician's medical source statement was dated after the claimant's DIB coverage expired, it was relevant evidence because the statement encompassed the relevant period).

Second, Dr. Cooke opined Plaintiff's "severe abdominal pain" and "cramping" caused by his volvulus would have "made it impossible to work on a regular basis[.]" AR 267. Dr. Cooke added Plaintiff "was not able to take a job and work consistently." AR 267. Thus, the context of Dr. Cooke's statements shows he opined Plaintiff's volvulus had more than a minimal effect on his ability to work during the relevant period. *See* AR 267; *see also* AR 273, 505; *Yuckert*, 841 F.2d at 306 (emphasis in original) (quoting SSR 85-28) (an impairment is not severe only if the evidence shows the impairment has "'*no more than a minimal effect* on an individual's ability to work'"). The ALJ failed, however, to state her consideration of these parts of Dr. Cooke's opinion. *See* AR 28. Because the ALJ failed to state her consideration of significant, probative

parts of Dr. Cooke's opinion, the ALJ erred, as her finding that Dr. Cooke did not opine Plaintiff would be disabled or have limitations is not supported by substantial evidence. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation and internal quotation marks committed) (although the ALJ "is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability," she cannot reject them without providing legally sufficient reasons for doing so); *Flores*, 49 F.3d at 571 (an ALJ's written decision must state reasons for disregarding significant probative evidence).

In sum, the ALJ ignored significant, probative evidence when she found Plaintiff's intermittent abdominal pain and constipation was not a severe impairment at Step Two. Accordingly, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). If the ALJ accounts for all of Plaintiff's limitations in assessing the RFC, the Step Two error is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

In this case, had the ALJ properly considered Dr. Cooke's opinions, she may have found Plaintiff's volvulus, or "intermittent abdominal pain and constipation," severe at Step Two. *See* AR 24. As such, she would have continued the sequential evaluation process, would have

formulated the RFC, would have been required to account for any limitations associated with Plaintiff's volvulus in the RFC, and may have found Plaintiff disabled. Because the ultimate disability determination may have changed with proper consideration of all aspects of Dr. Cooke's opinion, the ALJ's error is not harmless and requires reversal.

On remand, the ALJ is directed to assess all significant, probative parts of Dr. Cooke's opinions. If the ALJ intends to reject any significant, probative part of Dr. Cooke's opinions, she is directed to provide reasons supported by substantial evidence in the record for doing so. Additionally, if the ALJ finds Plaintiff's volvulus was a severe impairment during the relevant period, the ALJ shall consider all limitations caused by this severe impairment in the RFC assessment and at each step of the sequential evaluation process.

## II.  Whether the ALJ properly evaluated the medical opinion evidence, Plaintiff's testimony, and the lay witness testimony.

Next, Plaintiff contends the ALJ failed to properly consider medical opinion evidence from three physicians. *See* Dkt. 9, pp. 2-7. Plaintiff further argues the ALJ did not properly assess Plaintiff's subjective symptom testimony or the lay witness testimony. *Id.* at 7-13.

The ALJ's error in the medical evidence at Step Two requires remand for the ALJ to properly consider whether, considering all relevant parts of Dr. Cooke's opinions, Plaintiff's volvulus is a severe impairment. As the ALJ's error caused her to end the sequential evaluation process at Step Two, the ALJ is instructed to re-evaluate this entire matter on remand, including all medical opinion evidence, Plaintiff's subjective symptom testimony, and the lay witness testimony.

## III.  Whether the ALJ fully and fairly developed the record.

Lastly, Plaintiff asserts the ALJ failed to fully and fairly develop the record by not ordering a medical examination of Plaintiff to determine the onset date of his volvulus. *See* Dkt.

9, p. 17. The Court, however, has directed the ALJ to re-evaluate this entire matter on remand. *See* Section II., *supra*. Thus, on remand, the ALJ shall assess whether ordering a medical examination is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 23rd day of January, 2019.

David W. Christel
United States Magistrate Judge